**Kevin John WITASICK, Plaintiff— Appellant,**

v.

**ARIZONA, State of; Arizona Court of Appeal; State Bar of Arizona; Sarahy D Grant, in both her individual and judicial capacities; E G Noyes, Jr, in both is individual and judicial capacity; Sheldon H Weisberg, in both his individual and judicial capacity; Nancy A Greenlee, in both her individual and official capacities; Shauna R Miller, in both herindividual and official capacities; John A Furlong, in both his individual and official capacities; Jane Doe Furlong, wife; Claudio A Iannitelli, husband; Jane Doe Iannitelli, wife; James A Csontos, husband;**

Jane Doe Csontos, wife; David C Tierney, husband; Jane Doe Tierney, wife; Does, 1 Through 50, Inclusive, Defendants—Appellees.

No. 01–17375.

D.C. No. CV–00–02264–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Nov. 24, 2003.

Jerald C. Thompson, Parker & Thompson, Phoenix, AZ, Paul G. Valentino, Lehman & Valentino, Bloomfield Hills, MI, for Plaintiff–Appellant.

Richard F. Albrecht, AGAZ–Office of the Arizona Attorney General, LeslieAnn Haacke, Renaud, Cook & Drury, PA, William G Fairbourn, Bonnett, Fairbourn, Friedman & Balint, PC, Phoenix, AZ, David C. Tierney, Sacks Tierney, PA, Scottsdale, AZ, for Defendants–Appellees.

Before THOMPSON, TROTT, and CALLAHAN, Circuit Judges.

ORDER*

The panel unanimously affirms, for the reasons stated by the district court in its order dated October 4, 2001, the dismissal of Witasick's complaint for failure to state a claim.

Witasick's claims against the Arizona Court of Appeals are barred because the Court of Appeals is not amenable to suit, see Grande v. Casson, 50 Ariz. 397, 72 P.2d 676 (1937), and the Eleventh Amendment precludes suit in federal court. See Seminole Tribe v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The claims against the individual judges of the

Arizona Court of Appeals are barred by judicial immunity. See Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001). The claims for injunctive relief against the state court defendants request review of a state court decision and are likewise barred. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The claims against the Arizona State Bar and its individual members are barred by the Eleventh Amendment and Younger abstention. See Lupert v. California, 761 F.2d 1325 (9th Cir.1985); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

AFFIRMED

* This order is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.